FLOYD C. HUFF, TRADING, ETC., RESPONDENT, v. FREDERICK K. NIXON, APPELLANT.

Submitted December 11, 1922—Decided March 5, 1923.

Defendant contracted with plaintiff to do repairing on his motor car. Subsequently, defendant agreed to buy a new car of plaintiff with an allowance for the old one in part payment. *Held*, that under the circumstances appearing in the case the question whether the sales contract superseded and merged the repair contract was properly submitted to the jury.

On appeal from the Supreme Court.

For the appellant, *Riker & Riker*.

For the respondent, *Edward R. McGlynn*.

The opinion of the court was delivered by

PARKER, J.   The plaintiff's claim was for work done and materials furnished in and about the repair of a motor car belonging to the defendant at his request.   The defence, so far as it is relevant to the present appeal, was that the contract for repairs was merged in and annulled by a subsequent contract to purchase of plaintiff a new motor car and to turn in the old one as part payment.   The grounds of appeal argued before us are that the court erred in refusing to nonsuit and in refusing to direct a verdict for the defendant, and also in leaving it to the jury to say whether the second contract was in substitution for the first.

The basic facts as the jury might have found them were that defendant, needing repairs on his car, took it to plaintiff's place, asked an estimate, and received an informal one of $300. Later he was notified that more extensive repairs would be required, and on April 4th signed a written order for repairs in detail, which is the basis of the claim for reasonable value of work done and material, asserted in this suit. Shortly after this, it was suggested that he buy a new car and turn in the old one, and on April 9th the parties entered into a written contract for sale and purchase of a new car for $3,400 and extras, crediting $2,300 for "used car." There was delay in delivery of the new car, and several weeks after April 9th, the work on the old car having proceeded meanwhile, defendant told plaintiff's subordinate that he was tired of waiting, the deal was off, and he would send down and take his (old) car away, and shortly after this, his driver came and took it away. Plaintiff apparently accepted this recall of the sales contract, for he wrote across its face "cancelled" and so notified defendant. The latter, however, on receiving the bill for repairs on the old car, refused to pay it.

We think that the trial court properly took the ground that it was for the jury to say whether the contract of sale superseded and merged that of repair. The new contract was executory, and for the delivery of a new car in the future. The used car seems to have been treated as an initial payment on the sale contract, which reads, "Herewith please find check for *used car* as initial payment," etc. But the used car was then in possession of plaintiff subject to an order by defendant to repair it thoroughly. The sales contract is silent on the point of whether the $2,300 allowance was made for the used car in its then condition (*i. e.* with about fifty dollars of work and material already expended thereon) or in good order after being overhauled. We find nothing in the sales contract to indicate that plaintiff was to release defendant from liability for work already done, or even that further work thereon was to stop, or if done, to be done at the expense of plaintiff. In fact, the sales contract

ignores the repair contract entirely, and unless it be plain as a court question that both contracts could not exist at the same time, a nonsuit or a direction would have been erroneous. For the same reason the submission of this question to the jury by the charge was not error.

It would seem in all likelihood that even if the sales contract was meant to take the place of the other, the "cancellation" of the sales contract left defendant's car with several hundred dollars' worth of repairs done thereon at defendant's original request, and of which, by reclaiming his car, he had full benefit. To say, as appellant seems to say, that the second contract killed the first so that it could not be revived by a mutual rescission of the second, rather shocks the sense of justice. It might well be held that an earlier contract intended to be superseded by a later one is *ipso facto* revived by the mutual rescission of the later one unperformed; but as the case did not go to the jury on any such theory, no opinion need now be expressed on the point.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.